# Beatty, Appellant, v. E. I. DuPont de Nemours Powder Company.

*Negligence—Oil well—Torpedoing oil well—Nonsuit.*

In an action by a boy twelve years old to recover damages for personal injuries against a corporation employed to torpedo an oil well, a nonsuit is properly entered where the evidence shows that defendant was employed merely to torpedo the well without having charge of it; that its duty was to lower the torpedo in the well and explode it; that after the well was torpedoed the gas therefrom became ignited from some cause not shown; that all the fires in and about the boiler had been carefully extinguished; and that the boy instead of staying upon a public road forty to sixty feet away from the well, where he would have been safe, had gone close to the well merely out of curiosity and was injured when the gas ignited.

Argued April 30, 1912. Appeal, No. 121, Jan. T., 1912, by plaintiff, from order of C. P. McKean Co., Dec. T., 1909, No. 189, refusing to take off nonsuit in case of John Beatty, et al., v. E. I. DuPont de Nemours Powder Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass by a boy twelve years old to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. BOUTON, P. J., filing the following opinion:

From the pleadings and evidence, it appears that sometime prior to April 2, 1909, Hooker and O'Donnell drilled an oil well on a vacant lot abutting on School street, in the city of Bradford. This lot was located between the lots of H. Bryman and Mrs. Bernstein. The well was from fifty to sixty feet from the sidewalk running along School street. The owners of the well secured permission from Bryman and Mrs. Bernstein,

as well as from other property owners in the immediate vicinity, to drill the well on this lot.

On April 2, 1909, the well owners employed the defendant company to torpedo the well with solidified nitro-glycerine. Permission to torpedo the well was given by the city authorities, and the city sent several police officers to keep the people away from the well, while the same was being torpedoed.

It appears that after the well was torpedoed, the gas therefrom became ignited, and several boys, including the plaintiff, were seriously burned, and this action was brought by the plaintiff, John Beatty, to recover damages for injuries thus sustained. At the close of the plaintiff's case we were asked by defendant's counsel to grant a compulsory nonsuit on the grounds that there was no negligence shown against the defendant.

We were then of opinion that the motion was well taken and granted the nonsuit, which we are now asked to take off. What we said in granting the nonsuit we now in substance repeat. The evidence clearly showed that the defendant did not have charge of the well; that they were employed to torpedo it, and that their duty was simply to lower the torpedo in the well and explode it. This they did and with it their duty ended. The injury to the plaintiff, it will be observed, was not caused by any act or omission on the part of the defendant or its employees. The plaintiff was not injured while on a public highway or thoroughfare of the city, but was from forty to sixty feet off the highway in close proximity to the well. There were numerous people on the highway, none of whom were injured by this gas explosion. The plaintiff went down near this well merely out of curiosity. There was a sign on the derrick and one or two other signs immediately near, warning people in the following language: "Danger, keep out!" The police officers, as well as Mr. Hooker, one of the well owners, and other employees, it appears from the evidence, did their best to keep these

boys away from the immediate locality.    But, as testified by one witness, "they ran by the officers like a flock of sheep."

We fail to see how the defendant owed the plaintiff any duty, which was not performed.    The evidence shows that all fires in and about the boiler, which was used for operating the well, had been carefully extinguished; that gas would not explode unless it came in contact with a flame of some description.    The explosion occurred about ten minutes after the well had been successfully torpedoed, and what caused the explosion does not appear from the evidence; whether it came from some one carelessly lighting a match, smoking a cigarette or otherwise, we can only conjecture.    But the evidence fails to show that the gas was ignited from any act, negligent or otherwise, on the part of the defendant, or those in its employ.    We are still of opinion that the plaintiffs entirely failed to show any negligence on the part of the defendant, which caused the injury.

And now, to wit, January 17, 1912, the rule to show cause why the compulsory nonsuit should not be taken off is discharged.

*Error assigned* was refusal to take off nonsuit.

*John G. Johnson,* with him *Mullin & Mullin, W. E. Burdick* and *Jones & Wick,* for appellant.

*J. E. Mullin,* with him *D. H. Jack & Son, R. B. Stone* and *Thomas J. Laffey,* for appellee.

Per Curiam, May 22, 1912:

This judgment is affirmed on the opinion of the learned president judge of the court below refusing to take off the nonsuit.